### DELANEY v. McGARRY et al.

#### (Supreme Court, Appellate Term. October, 1901.)

APPEAL—ISSUES—REVIEW—TRIAL COURT'S OPINION.

> Where plaintiff, having paid defendants $500 for a release from a covenant, on condition that it should be repaid if he decided on or before a certain date not to avail himself of the release, demanded before such date a repayment of the sum, no question of a waiver as to time of such demand was presented, so that the opinion of a justice of the New York City municipal court on the matter of waiver would not be reviewed on appeal, the opinion not being a part of the record.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by William Delaney against Peter J. McGarry and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDER-SLEEVE, JJ.

Paskusz & Cohen, for appellants.

Hubbell & Baird, for respondent.

McADAM, J. On May 10, 1900, the plaintiff sold to the defendants the liquor store No. 801 Second avenue, in the borough of Manhattan, and covenanted that he would not, for the term of five years thereafter, engage in the same business within 20 blocks thereof. Having opened negotiations for a store within the prohibited territory, the plaintiff, on September 20, 1900, agreed to pay the defendants $500 for a release from said covenant, and gave them his check for that amount, dated October 1, 1900. The agreement provided that, in case the plaintiff decided not to avail himself of the release on or before October 1st, they would refund him the money. The purpose of this condition was that, if the negotiations fell through, and the plaintiff did not get the place he was looking for, the parties hereto were to be restored to their former position. The proposed purchase fell through, and the defendants, having obtained the money on the plaintiff's $500 check, the action is to recover back the amount thereof. The evidence shows that prior to October 1, 1900, the plaintiff decided not to avail himself of the release; that he called upon the defendants, saw Mr. Walsh, one of them, and demanded from him the return of his check. Walsh said he was unable to hand it over then, because his partner had taken the check with him to Long Island. The demand was specific. The plaintiff testified that on September 29, 1900, he saw the defendant Walsh, and said to him: "The thing is off. Give me the check, and I will give you the receipt." To which Walsh made answer as above. Upon the proofs the plaintiff was not required to depend upon a waiver as to time for demand in order to recover back his money, and the discussion of that subject by the justice in his written opinion and by counsel in their points was quite unnecessary. The opinion forms no part of the record upon appeal. Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051; Randall v. Railroad Co., 149 N. Y. 211, 43 N. E. 540. The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.